UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
                                                :
                                                :
EDWARD STROTHER                                 :
                    Plaintiff,                  :
                                                :      08 Civ. 5743
              v.                                :      94 Crim. 0417
                                                :
UNITED STATES,                                  :      **OPINION**
                                                :
                    Defendant.                  :
                                                :
                                                :
------------------------------------------------x
```

This motion was originally filed as a petition under 28 U.S.C. § 2241. In response to an order of the district court, it was changed to a motion under 28 U.S.C. § 2255. It was thereafter referred to as the Amended Motion.

Strother was convicted in 1996 of involvement in a drug conspiracy, and was sentenced to 262 months in prison. He is now serving that sentence.

Strother now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that the wiretap evidence used against him at trial should have been suppressed. The Government opposes the motion. The motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to his trial, on June 10, 1996, Strother moved to suppress all Government wiretap evidence. Strother argued that the evidence supporting the Government's application for a wiretap was insufficient as a matter a law because:

(1) The application was based on an incorrect Attorney General Authorization Number, and

(2) The application was improperly sworn to before a notary public rather than a United States District Judge as required by 18 U.S.C. § 2518(1).

This motion was denied by the court on September 26, 1996.

Strother was tried partly on the basis of this wiretap evidence and convicted on October 11, 1996. On December 8, 1997, Strother was sentenced to the 262 months' imprisonment.

Strother appealed his conviction to the Second Circuit. In his appeal, Strother argued that the court had given improper instructions to the jury, the court lacked venue over two of the counts for which Strother was convicted, and the court used an improper guidelines offense level in sentencing. Strother did not argue that the court erred in admitting the wiretap evidence.

On March 1, 1999, Strother's conviction was affirmed. United States v. Piggott, 175 F.3d 1009 (2d Cir. 1999), cert. denied, 120 S.Ct. 113 (1999). The Supreme Court denied certiorari on October 4, 1999.

## CLAIMS IN THE § 2255 MOTION

In his current § 2255 motion, Strother argues that his conviction is based on wiretap evidence obtained in violation of 18 U.S.C. § 2518 and the Fourth Amendment.  The arguments underlying Strother's petition are the same arguments Strother asserted in his pretrial motion, noted above, which sought to suppress the wiretap evidence: namely, that the application for the wiretap contained an improper authorization number and was improperly sworn to before a notary public rather than United States District Judge.

## DISCUSSION

Timeliness

Before addressing the merits of the instant habeas petition, this court must address whether the petition is time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes, in relevant part, a one-year statute of limitations for § 2255 petitions.  Pursuant to AEDPA, the statute of limitations begins to run from, as relevant here, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).

Strother's judgment of conviction became final on October 4, 1999, the date the Supreme Court denied his petition for certiorari.  Williams v. Artuz,

237 F.3d 147, 151 (2d Cir. 2001).  Thus, the statute of limitation expired on October 5, 2000.  However, Strother did not file the instant petition under February 2008, well outside the limitations period.

Strother argues that the October 4, 1999, date is inappropriate because the facts supporting his claim could not been discovered by that date through the exercise of due diligence.  However, this claim by Strother is contradicted by the fact that, according to his aforementioned pre-trial motion, which made the same arguments as are made in the instant petition, the facts supporting this claim had been discovered before Strother even went to trial.

Strother further argues that his petition is not time-barred because he is entitled to equitable tolling.  Strother claims that he was impeded from filing the instant petition "by governmental action in violation of the Constitution or laws of the United States."  Strother provides no further elaboration.  Such a conclusory statement does not support a finding of exceptional circumstances, which is necessary to grant equitable tolling.  See Green v. United States, 260 F.3d 78 (2d Cir. 2001).

Therefore, Strother's petition is time-barred.


Procedural Default

In addition to being time-barred, Strother's petition must be dismissed

because he procedurally defaulted on his claims regarding the admissibility of the wiretap evidence by failing to raise the issue on direct appeal.  See Bousley v. United States, 523 U.S. 614, 621 (1998).  As noted above, Strother was aware of the facts underlying his petition before he went to trial.  Strother offers no other reason why he should not be held to have procedurally defaulted on the claims in his petition.

Merits

Even if Strother's claims were able to be considered, however, his petition would be denied.  As noted above, Strother claims two defects in the Government's application for a wiretap.  Such defects, however, are merely technical violations of the wiretap statute, not constitutional or jurisdictional violations, and as such do not support collateral attack.

## CONCLUSION

Strother's § 2255 is denied and dismissed.

As Strother has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue.  See 28 U.S.C. § 2253(c).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

So ordered.

Dated: New York, New York
November 26, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 26, 2012

Thomas P. Griesa
U.S. District Judge

- 6 -